CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

IRIZARRY, J.

LEVY M.J

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 23 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN RAMOS, on behalf of himself and others
similarly situated,

                     Plaintiff,

-against-

LENNY'S CLAM BAR, INC., JOSEPH DECANDIA,
and CLARA DECANDIA,

                     Defendants.
------------------------------------------------------------X

Case No. 3871

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, MARTIN RAMOS ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, LENNY'S CLAM BAR, INC. ("LENNY'S"), JOSEPH DECANDIA, and CLARA DECANDIA (collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) unpaid "spread of hours" premium for each day he worked ten (10) or more hours a day; (3) liquidated damages equal to twenty-five (25) percent of the sum of his unpaid overtime wages, and unpaid "spread of hours" premium, (4) pre-judgment and post-judgment interest, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.      Defendant, LENNY'S, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 161-03 Cross Bay Boulevard, Howard Beach, New York 11414.

7.      Upon information and belief, Defendant, JOSEPH DECANDIA, is the owner, officer, director and/or managing agent of LENNY'S, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of LENNY'S and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LENNY'S.

8. Upon information and belief, Defendant, CLARA DECANDIA, is the owner, officer, director and/or managing agent of LENNY'S, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of LENNY'S and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LENNY'S.

9. Plaintiff, MARTIN RAMOS, was employed by the Defendants in Queens County, New York, from in or about 2001 until in or about May 2009.

10. At all relevant times, LENNY'S was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by LENNY'S.

12. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and New York Labor Law.

13. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiff has satisfied all conditions precedent to the institution of the action, or such conditions have been waived.

## STATEMENT OF FACTS

15. In or about 2001, Plaintiff, MARTIN RAMOS, was hired by the Defendants to work as a non-exempt food preparer and cleaner for the Defendants' seafood restaurant and bar, known as Lenny's Clam Bar.

16. Plaintiff, MARTIN RAMOS, continued to work in such capacities for the Defendants until in or about May 2009.

17. During Plaintiff MARTIN RAMOS'S employment by Defendants, he typically worked over forty (40) hours per week. Plaintiff generally worked five (5) days a week, and his work shift consisted of approximately ten (10) hours each day.

18. Plaintiff MARTIN RAMOS was not paid proper overtime wages. Plaintiff was paid $400 per week, in cash, and worked approximately fifty (50) hours per week.

19. Worked performed by Plaintiff above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

20. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff and other similarly situated employees for work performed over forty (40) hours in a workweek.

21. Defendant, JOSEPH DECANDIA, is an individual who, upon information and belief, owns the stock of LENNY'S, owns LENNY'S, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

22. Defendant, CLARA DECANDIA, is an individual who, upon information and belief, owns the stock of LENNY'S, owns LENNY'S, and manages and makes all business

decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

23. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

24. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "23" of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

28. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty (40) hours per workweek.

30. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due.

32. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

33. Alternatively, records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

37. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

40. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

41. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142.2-4.

42. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff, MARTIN RAMOS, on behalf of himself and all other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of the Defendants' willful failure to pay overtime wages and "spread of hours" premium pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
August 23, 2010

>Respectfully submitted,
>
>CILENTI & COOPER, PLLC
>*Attorneys for Plaintiff*
>708 Third Avenue – 6th Floor
>New York, NY 10017
>T. (212) 209-3933
>F. (212) 209-7102
>jcilenti@jcpclaw.com
>
>By: _____
>Justin Cilenti (GC2321)

8